```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

CIVIL COMPLAINT   **ORIGINAL**

------------------------------------

Robert Lemmo,

               Plaintiff.

       vs

Micheal Cervini badge # 2426
police Officer N.Y.C.

             et. als.
             Defendants.

------------------------------------

42 USC §1983

28 USC §1331

**DEARIE, CH. J.**

JURY TRIAL DEMANDED

**BLOOM, M.J.**



RECEIVED PRO SE OFFICE

## PARTIES ADRESSES

**Plaintiff:**

Mr Robert Lemmo   441-07-09000
18-18 Hazenstreet
Queens, N.Y. 11370

**Defendants:**

Det. Micheal Cervini   badge#2426
C/O New York City Police Department
    One Police Plaza
    New York, N.Y. 10038

Det. Edward Spagnuolo   badge#7179
C/O New York City Ploce Department
    One Police Plaza
    New York, N.Y. 10038

Det. Unknown: White Male Queens Narcotics.
C/O  New York City Police Department
    One Police Plaza
    New York, N.Y. 10038

Det. Unknown: White Male Queens Narcotics.
C/O  New York City Police Department.
    One Police Plaza
    New York, N.Y. 10038

( page 1 )

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------
Robert Lemmo,
                              Plaintiff.
              vs
Micheal Cervini badge # 2426
police Officer N.Y.C.
                    et. als.
                    Defendants.
-------------------------------------

CIVIL COMPLAINT

42 USC §1983

28 USC §1331

JURY TRIAL DEMANDED

ORIGINAL



RECEIVED JUN 26 2008 PRO SE OFFICE

### PARTIES ADRESSES

Plaintiff:
Mr Robert Lemmo   441-07-09000
18-18 Hazenstreet
Queens,N.Y.11370

Defendants:

Det. Micheal Cervini   badge#2426
C/O New York City Police Department
    One Police Plaza
    New York,N.Y. 10038

Det. Edward Spagnuolo   badge#7179
C/O New York City Ploce Department
    One Police Plaza
    New York,N.Y. 10038

Det. Unknown:White Male Queens Narcotics.
C/O  New York City Police Department
    One Police Plaza
    New York,N.Y.10038

Det. Unknown: White Male Queens Narcotics.
C/O  New York City Police Department.
    One Police Plaza
    New York,N.Y.10038

( page 1 )

PARTIES ADDRESSES CONTINUED

**PARTies continued:**
New York City Police Department
One Police Plaza
New York, N.Y. 10038



## STATEMENT OF JURISDICTION

The Claim herein occurred in the County of Queens, New York and is presented according to 42 USC § 1983 and 28 USC § 1331 and therefor provides Jurisdiction to the United States District Court, Eastern District of New York.

## BASIS OF COMPLAINT

1)   On July 27, 2007 Det. Cervini did engage in a <u>Seize and Search</u> upon Mr. Lemmo as is his usual behavior when observing Mr. Lemmo anywhere in the area of Queens.

2)   The confrontation did lead to a arrest with Mr. Lemmo being Hospitalized for broken bones and head lacerations.

3)   On July 28, 2007 Det. Cervini did commit perjury in the form of sworn statements contained in the Queens District Attorney's felony complaint concerning the arrest from the evening before.
     The perjury was specific to the initial confrontation and the alledged reason therefor. ( Appendix A )

4)   Det. Cervini did cause a displaced fracture in Mr. Lemmo's right hand while hand-cuffed by twisting Mr. Lemmo's thumb to the point of breaking while Mr. Lemmo was laying face down on the ground.

5)   On July 27, 2007 Det. Cervini did crash his Police vehicle in to Mr. Lemmo's vehicle to pin Mr. Lemmo into said vehicle.

6)   On July 27, 2007 Det. Spagnuolo did repaetedly punch Mr. Lemmo in the head and face area through Mr. Lemmo's car window while pinned inside after Det. Cervini crashed into Mr. Lemmo's drivers side door.

( page 2 )

## BASIS OF COMPLAINT CONTINUED

7) On July 27,2007 Det.Spagnuolo threaten the use of a chemical agent on Mr.Lemmo while Mr.Lemmo was laying on the ground kneeing and stepping on Mr.Lemmo's back and kidneys demanding anwsers to questions.

8) On July 27,2007 Det.Spagnuolo did deliberately tighten Mr.-Lemmo's hand-cuffs and walk Mr.Lemmo down a 1/2 a street block in order to alledgedly meet a ambulance all the while twisting and yanking on Mr.Lemmo's fingers ( broken one too ) and saying "don't move so much and it won't hurt"

9) Upon reaching the corner Det.Sapgnuolo did the same twisting and yanking on Mr.Lemmo's fingers for the walk back to where the whole incident originated.

10) The two incidents of walking Mr.Lemmo up and down the street was done with out medical authorization. Mr.Lemmo was removed from a prone position with a already broken hand and bleeding from the side of his head.

11) On July 27,2007 Det.Spagnuolo deliberately threaten Mr.Lemmo's future liberty asserting to arrest Mr.Lemmo anywhere any-time he sees Mr.Lemmo for whatever reason he could think of.

12) On July 28,2007 two white Detectives from Queens Narcotics did cause a interruption of Mr.Lemmo's medical treatment by deliberately intimidating Elmhurst Hospital Center staff ordering the staff to discharge Mr.Lemmo for arraignment purposes and that they didn't care about medical treatment for Mr.Lemmo that arraignment was more important.

( page 3 )

## BASIS OF COMPLAINT CONTINUED

13)     Det.Spagnuolo did commit perjury and tampering with physical evidence against the N.Y.S. Penal Law by providing the Queens District Attorney's Office with a false statement supposedly made Mr.Lemmo while in the Hospital after the arrest mentioned herein

14)     Det.Cervini committed further instances of perjury and tampering with physical evidence by providing the Queens District Attorney a statement and photos he claimed occurred in his view: a crime he blamed Mr.Lemmo for that never occurred in his view or was committed by Mr.Lemmo.

15)     Det.Cervini did illegaly Seize and Search Mr.Lemmo on numerous other ocassions while also making disparaging and intimidating remarks concerning Mr.Lemmo's liberty. Notably: January 2007, February 2007 and march 2007, with arrests being made in June 2007, and July 2007 all beging at the initiation of Cervini's Seize and Search campaigne against Mr.Lemmo and calling him "Bobby" rather Robert as though a mutual acquaintence existed.

    Wherefore, Mr.Lemmo hereby demands that the defendant's be held criminally responsible for their assualtive and perjurious behavior against Mr.Lemmo according to Title 18 USC and other applicable rules and Laws.

    Mr.Lemmo also demands that the defendants' pay the amount of $ 10,000,000.00 as a combined total of punitive and compensatory damages for the physical, psycological and Constitutional depravations suffered by Mr.Lemmo because of the defendants' deliberate and willful violations of Mr.Lemmo's Civil liberties, to wit:

( page 4 )

**COMPLAINT CONTINUED**

Det.Cervini did intentionally violate Mr.Lemmo's Constitutional Amendments IV, V, VI, VIII, XIV and the equivalent N.Y.S. Constitutional and Statutorial protections by intiating and maintaining a Seize and Search campaigne against Mr.Lemmo over personal and public objections by Mr.Lemmo for a munerous amount of years and is therefore liable.

DATED June 23, 2008

I declare under the penalty of perjury that the aforesaid facts and statements are true.

Respectfully,

Robert Lemmo, Plaintiff
18-18 Hazen street
E.ELmhurst,N.Y. 11370

( page 5 )

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

## PROOF OF PERJURY

Please take notice that this is a proof sample of perjury by Police Officer Cervini of Queens Narcotics Bureau.

1) The sworn felony complaint is one version.
2) Transcripts of sworn testimony is a different version.

Take further notice of two documents supporting Cervini's first version of the encounter;

1) Police Report "entered by" space with his name at the bottom of the last page.
2) Complaint Report with "reporting/investigating M.O.S. name" at the end of the document.

The two supporting documents are time dated four (4) hours before the D.A.'s felony complaint. The perjury is <u>specific</u> to the initial encounter with and about me, thus making it <u>specific</u> to violating my Constitutionally protected rights as a citizen and supportive of covering Police misconduct.

It is a matter that needs real attention. It also involves a serious fracture that constitues a <u>permanent physical disability for me and the second actual fracture surrounding this Officer in general.</u>

Respectfully,

*Robert Lemmo*

Robert Lemmo



7 13:54

P.002

LEMMO,ROBERT J  Q97643023

OR UNREASONABLY ENDANGERS THE USERS OF THE PUBLIC HIGHWAY;RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF DAMAGE TO THE PROPERTY OF ANOTHER PERSON IN AN AMOUNT EXCEEDING TWO HUNDRED FIFTY DOLLARS;OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR VEHICLE IN THIS STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED BY THE COMMISSIONER IS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE COMMISSIONER;NOT DIRECTED BY A TRAFFIC OR POLICE OFFICER AND NOT SUBJECT TO THE EXCEPTIONS GRANTED DRIVERS OF AUTHORIZED EMERGENCY VEHICLES, KNOWINGLY AND UNLAWFULLY DISOBEY THE INSTRUCTIONS OF AN OFFICIAL TRAFFIC-CONTROL DEVICE APPLICABLE TO HIM/HER PLACED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE TWENTY-FOUR OF THE VEHICLE AND TRAFFIC LAW;KNOWINGLY AND UNLAWFULLY DRIVE A VEHICLE IN A DIRECTION OTHER THAN THE ONE DESIGNATED ON THE ROADWAY DESIGNATED AND SIGNPOSTED FOR ONE-WAY TRAFFIC;NO PERSON SHALL DRIVE A VEHICLE AT A SPEED GREATER THAN IS REASONABLE AND PRUDENT UNDER THE CONDITIONS AND HAVING REGARD TO THE ACTUAL AND POTENTIAL HAZARDS THEN EXISTING.;NOT OPERATING A VEHICLE DURING A ROAD TEST CONDUCTED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN OF THE VEHICLE AND TRAFFIC LAW, KNOWINGLY AND UNLAWFULLY OPERATE OR DRIVE A MOTOR VEHICLE UPON A STATE PUBLIC HIGHWAY, ANY SIDEWALK, OR TO OR FROM ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR WASHING ESTABLISHMENT, OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING ESTABLISHMENT WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN;WHILE OPERATING A MOTOR VEHICLE, KNOWING OR HAVING CAUSE TO KNOW THAT DAMAGE HAD BEEN CAUSED TO THE REAL PROPERTY OR TO THE PERSONAL PROPERTY, NOT INCLUDING ANIMALS, OF ANOTHER, DUE TO AN INCIDENT INVOLVING THE MOTOR VEHICLE OPERATED BY SUCH PERSON DID BEFORE LEAVING THE PLACE WHERE THE DAMAGE OCCURRED, FAIL TO STOP, EXHIBIT HIS OR HER LICENSE AND INSURANCE IDENTIFICATION CARD FOR SUCH VEHICLE, WHEN SUCH CARD WAS REQUIRED PURSUANT TO ARTICLES SIX AND EIGHT OF THIS CHAPTER, AND GIVE HIS OR HER NAME, RESIDENCE, INCLUDING STREET AND NUMBER, INSURANCE CARRIER AND INSURANCE IDENTIFICATION INFORMATION INCLUDING BUT NOT LIMITED TO THE NUMBER AND EFFECTIVE DATES OF SAID INDIVIDUAL'S INSURANCE POLICY, AND LICENSE NUMBER TO THE PARTY SUSTAINING THE DAMAGE, OR IN CASE THE PERSON SUSTAINING THE DAMAGE IS NOT PRESENT AT THE PLACE WHERE THE DAMAGE OCCURRED THEN HE OR SHE DID FAIL TO REPORT THE SAME AS SOON AS PHYSICALLY ABLE TO THE NEAREST POLICE STATION, OR JUDICIAL OFFICER

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE HE OBSERVED THE DEFENDANT, ROBERT J LEMMO, SITTING IN A DOUBLE-PARKED 1996 JEEP AUTOMOBILE WITH ITS DOOR LOCK POPPED OUT AND AIRBAG MISSING FROM THE STEERING WHEEL.

*first*

DEPONENT STATES THAT HE EXITED HIS POLICE VEHICLE AND APPROACHED THE DEFENDANT'S VEHICLE AND THE DEFENDANT DROVE HIS AUTOMOBILE TOWARD THE DEPONENT, CAUSING THE DEPONENT TO HAVE TO AVOID BEING STRUCK BY SAID VEHICLE.

*version*

DEPONENT STATES THAT HE OBSERVED THE DEFENDANT DRIVE SAID AUTOMOBILE IN REVERSE DOWN 31 AVENUE FOR TWO BLOCKS AT APPROXIMATELY 40 MILES PER HOUR, WHERE THE SPEED LIMIT IS 35 MILES PER HOUR.

P.D. 313 + follow-up
followup informational




# New York City Police Department
## Omniform System - Arrests

**RECORD STATUS:** ARR PRC CMPL

| Arrest Location: FRONT OF 28-39 42 STREET | Arrest ID: Q07643029 - Z |
|---|---|
| Arrest Date: 07-27-2007  Processing Type: ON LINE | Pct: 114 |
| Time: 20:15:00  OCJS Fax Number: Q0041421 | |
| Sector: D  Special Event Code: - | |
| Stop And Frisk: NO  DAT Number: 0 | |
| Serial #: 0000-000-00000  Return Date: 0000-00-00 | |

**COMPLAINTS:**

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME | Arrest #: Q07643029 |
|---|---|---|---|---|---|
| 2007-114-08002 | 2007-07-27 | Reserved # for Arrest | 2007-07-27 | 20:12 | |

**CHARGES:**  Arrest #: Q07643029

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 120.25 | F | D | 1 | RECKLESS ENDANGERMENT-1ST |
| #02 | No | PL 120.05 03 | F | D | 1 | ASLT W/INT CAUS PH INJ TO OFF |
| #03 | No | PL 145.10 | F | D | 1 | CRIMINAL MISCHIEF - 2ND |
| #04 | No | PL 145.05 | F | E | 1 | CRIMINAL MISCHIEF-3RD |
| #05 | No | PL 155.30 01 | F | E | 1 | GR LAR 4:VALUE PROPERTY >$1000 |
| #06 | No | PL 120.20 | M | A | 1 | RECKLESS ENDANGERMENT-2ND |
| #07 | No | PL 120.00 01 | M | A | 1 | ASLT W/INT CAUSES PHYS INJURY |
| #08 | No | PL 165.05 01 | M | A | 1 | UNAUTH USE VEH:W/O OWNER CNSNT |
| #09 | No | PL 145.00 01 | M | A | 1 | CRIM MIS:INTENT DAMAGE PROPRTY |
| #10 | No | PL 165.40 | M | A | 1 | CRIM POSSESSION STOLN PROP-5TH |
| #11 | No | PL 205.30 | M | A | 1 | RESISTING ARREST |
| #12 | No | VTL0511 01A | M | U | 1 | AGGRAVATED UNLIC OPER VEH-3RD |
| #13 | No | VTL1212 | M | U | 1 | RECKLESS DRIVING |
| #14 | No | VTL0509 01 | I | 0 | 1 | MV LICENSE VIOL:NO LICENSE |
| #15 | No | VTL1110 0A | I | 0 | 1 | FAILURE TO OBEY TRAFFIC DEVICE |
| #16 | No | VTL1127 0A | I | 0 | 2 | DRIVE WRNG DIREC ON ONE WAY ST |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

**DETAILS:**  Arrest #: Q07643029

AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-30
#9 WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF
THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN
ATTEMPT TO STRIKE THEM, DEFENDANT DID RUN OVER ARRESTING OFFR. FR. T. FT. FT. CA
USING PAIN AND SEVERE SWELLING. DEFENDANT DID ENAGE THE OFFICERS IN A PURSUIT
DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING, AND CHILDREN PLA
YING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 3,000 THOUSAND DOLLARS.
DEFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. N
ECESSARY FORCE WAS USED TO EFFECT THE ARREST.

← supporting statement of first version

**DEFENDANT:** LEMMO, ROBERT J

| Nick/AKA/Maiden: | | NYSID #: | Arrest #: Q07643029 |
|---|---|---|---|
| Sex: MALE | Height: 5FT 10IN  Weight: 170 | Order Of Protection: NO  Issuing Court: COUNTY | |

JUL-28-2007  09:06
ARREST Report - Q07643029

P.003
Page 3 of

| ARRESTING OFFICER: DT3 MICHAEL C CERVINI | | Arrest #: Q07643029 |
|---|---|---|
| Tax Number: 913928<br>Other ID (non-NYPD): 913928<br>Shield: 2426<br>Department: NYPD<br>Command: NAR BQ Primary Assignment | On Duty: YES<br>In Uniform: NO<br>Squad: 97<br>Chart: 97 | Force Used: YES<br>Type: PHYSICAL FORCE<br>Reason: OVERCOME ASSAULT<br>Officer Injured: YES |

| Arresting Officer Name:<br>DT3 CERVINI, MICHAEL C | | | |
|---|---|---|---|
| Supervisor Approving:<br>SGT HOLSEY | Tax #:<br>913928 | Command:<br>NAR BQ | Agency:<br>NYPD |
| Report Entered by:<br>DT3 CERVINI | Tax #:<br>906473 | Command:<br>541 | Agency:<br>NYPD |
| | Tax #:<br>913928 | Command:<br>541 | Agency:<br>NYPD |



### END OF ARREST REPORT
### Q07643029



Print this Report

JUL-28-2007  09:36

Complaint Report - 2007-114-08002

P.004

Page 1 of



# New York City Police Department
## Omniform System – Complaints

**Report Cmd:** 114
**Jurisdiction:** N.Y. POLICE DEPT
**Record Status:** Ready for Signoff, with Arrest
**Complaint #:** 2007-114-08002

**Occurrence Location:** NORTH WEST CORNER 31 AVENUE & 49 STREET
- **Name Of Premise:**
- **Premises Type:** STREET
- **Location Within Premise:** CAR
- **Visible By Patrol?:** YES

**Precinct:** 114
**Sector:** C
**Beat:**
**Post:**

**Occurrence From:** 2007-07-27 20:12 FRIDAY
**Occurrence thru:** 2007-07-27 20:15
**Reported:** 2007-07-27 23:30
**Complaint Received:** PICK-UP

**Aided #:** 000009999
**Accident #:**
**O.C.C.B. #:**

**Classification:** ASSAULT
**Attempted/Completed:** COMPLETED
**Most Serious Offense Is:** FELONY
- **PD Code:** 106  ASSAULT 2,1,PEACE OFFICER
- **PL Section:** 12006
- **Keycode:** 106  ASSAULT-FELONIOUS

**Case Status:** CLOSED
**Unit Referred To:**
**Clearance Code:** DETECTIVE ARREST
**Log/Case #:** 0
**File #:** 6
**Prints Requested?** NO

**Was The Victim's Personal Information Taken Or Possessed?** NO
**Was The Victim's Personal Information Used To Commit A Crime?** NO

**Gang Related?** NO
**Gang Intel Log #:**
**Name Of Gang:**
**DIR Required?** NO
**Child Abuse Suspected?** NO

**If Burglary:**
- Forced Entry?
- Structure:
- Entry Method:
- Entry Location:

**Alarm:**
- Bypassed?
- Comp Responded?:
- Company Name/Phone:
- Crime Prevention Survey Requested?:

**If Arson:**
- Structure:
- Occupied?:
- Damage by:

**Supervisor On Scene - Rank / Name / Command:** SGT HOLSEY NBQ
**Canvas Conducted:** NO
**Interpreter(if used):**

**NARRATIVE:**
AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-3089 WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN ATTEMPT TO STRIKE THEM. DEFENDANT DID RUN OVER ARRESTING OFFICERS LEFT FOOT CAUSING PAIN AND SEVERE SWELLING. DEFENDANT DID ENGAGE THE OFFICERS IN A PURSUIT DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING AND CHILDREN PLAYING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 3,000 THOUSAND DOLLARS. DEFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. NECESSARY FORCE WAS USED TO EFFECT THE ARREST.

*← Supporting Statement of first version*

No NYC TRANSIT Data for Complaint # 2007-114-08002

**Total Victims:** 1
**Total Witnesses:** 0
**Total Reporters:** 0
**Total Wanted:** 0

**VICTIM: # 1 of 1**
**Name:**
**Complaint#:** 2007-114-08002
**Nick/AKA/Maiden:**
**Gang Affiliation:**

http://omniform1-8888/cgi-bin/ibi_cgi/ibiweb.exe?IBIF_ex=PRNTCOMP&ITE61  YEAR=2007&ITE61

JUL-28-2007  09:37

Complaint Report - 2007-114-08002

P.005

Page 2 o

| | |
|---|---|
| Sex/Type: PSNY | |
| Race: UNKNOWN | Names: |
| Age: 0 | Identifiers: |
| Date Of Birth: UNKNOWN | Will View Photo: |
| Disabled? NO | Will Prosecute: |
| Need Interpreter: | Notified Of Crime |
| Language: | Victim Comp. Law: |
| N.Y.C.H.A Resident? | |

LOCATION ADDRESS CITY STATE/COUNTRY ZIP APT/ROOM

Phone #:

Action against Victim:

| Victim Of Similar Incident: | Actions Of Victim Prior To Incident: |
|---|---|
| ARRESTS: | If Yes, When And Where |

Complaint # 2007-114-08002

Arrest ID   Status   Defendant Name   Sex   Race  AGE  Arrest Date
Q07643029  ACTIVE   LEMMO, ROBERT   MALE         40   07/27/2007

Reporting/Investigating M.O.S. Name:
DT3 MICHAEL CERVINI

| | Tax #: 913928 | Command: NAR BQ | Rep.Agency: NYPD |
|---|---|---|---|
| Supervisor Approving Name: SGT MICHAEL HOLSEY | | | |
| Complaint Report Entered By: SGT STONE | Tax #: 906473 | Command: NAR BQ | Rep.Agency: NYPD |
| Signoff Supervisor Name: | Tax #: 896591 | Command: 114 PCT | Rep.Agency: NYPD |
| | Tax #: 000000 | Command: | Rep.Agency: |

**END OF COMPLAINT REPORT**
**# 2007-114-08002**



Print this Report

tp://omniform1:8888/cgi-bin/ibi_cgi/ibiweb.exe?TRIF_cx=PRNTCOMP&IF61_YEAR=2007&IF61

Det. Cervini - People - Cross

1    A    Offhand, yeah.

2    Q    What were they?

3    A    Lacerations to the left head and I believe a wrist
4 injury or a hand injury.

5    Q    Okay. Do you -- were you at the hospital with
6 him?

7    A    No, I was not.

8    Q    Okay. Were you treated -- with your specific
9 injury were you treated at the scene by EMS?

10    A    No, I was not.

11    Q    No. Okay. Do you know how the defendant ended up
12 in the hospital? Was it by ambulance or was it by police
13 car?

14    A    You were taken to -- by ambulance immediately from
15 the scene for your injuries.

16    Q    Okay. Do you know who escorted me?

17    MS. CARLINO: Objection, Judge. Beyond the scope.

18    THE COURT: Overruled. Do you know who?

19    THE WITNESS: I don't know who took him that day.

20    THE COURT: It wasn't you?

21    THE DEFENDANT: Right. No, it was not.

22    Q    Now, the following day after the arrest of this
23 case I'm sure you came to the district attorney's office,
24 you filled out a felony complaint?

25    THE COURT: Did you?

29

Det. Cervini - People - Cross

1  THE WITNESS: Yes. That's correct.
2  Q  Okay. In the felony complaint --
3  THE WITNESS: Your Honor, I'm just gonna look at
4  my felony complaint also.
5  THE COURT: Do you have a question now?
6  THE DEFENDANT: Oh, I was giving him some time to
7  refresh.
8  THE COURT: Did you find it?
9  THE WITNESS: Yeah. I have the complaint in front
10 of me.
11 Q  Felony complaint states that you exited your
12 vehicle and approached my vehicle.
13 MS. CARLINO: Objection. It's improper at this
14 point. The document is not in evidence.
15 THE COURT: Oh, I don't know that. I don't know
16 that there's not an inconsistent statement in there
17 some way. I'm gonna let him ask the question. What
18 are you asking him?
19 Q  In the felony complaint it states that he exited
20 his vehicle?
21 THE COURT: And what's your question?
22 Q  I wanted to ask him how many feet he was to my
23 vehicle when I supposedly went in reverse?
24 MS. CARLINO: Can we clarify, Judge, at what
25 point.

Det. Cervini - People - Cross

1     THE DEFENDANT: When he initially stopped me. The
2 initial seizure.
3     THE COURT: Why don't you do that. You could
4 really only refer to what you said early.
5     THE DEFENDANT: I can't --
6     THE COURT: Let me finish. You could ask him if
7 he said things in the past different than what he said
8 now. But what you want to do apparently -- you don't
9 even have to do that. You have a question about
10 distance, ask him. You can ask him. I'm letting you
11 do it.
12     THE DEFENDANT: That's what I just said.
13     THE COURT: What I'm explaining to you is what he
14 said in the past --
15     THE DEFENDANT: Don't go off the paperwork, go off
16 what he said.
17     THE COURT: You could only use the paperwork and
18 about something that he said then different than he's
19 saying. Different now. But I'm not stopping you about
20 asking him about the distance. Where you were and he
21 was at a given point. Just ask the question.
22     Q All right. Back to the -- to the part when you
23 say that you blocked his truck with your van, okay. Did you
24 exit your vehicle at that time?
25     A The first initial stop, no, I did not.

drb

Proceedings

1  I'm gonna decide that.
2  THE DEFENDANT: No, that's ones that are being
3  turned in now.
4  THE COURT: I'll add it to what you already gave
5  me.
6  THE DEFENDANT: All right. And I would like to
7  sum up on the case itself.
8  THE COURT: Go ahead.
9  THE DEFENDANT: Officer Cervini stated in his
10  arrest report he claims that he got out and approached
11  the vehicle of the defendant 'cause he seen him
12  double-parked, okay. Here tonight he says he never got
13  out of the vehicle at all.
14  MS. CARLINO: Objection. The report is not in
15  evidence.
16  THE COURT: I heard the evidence. You're gonna be
17  able to argue to -- objections are just gonna take
18  longer.
19  THE DEFENDANT: Well, I mean, how could you say
20  that the felony complaint is not piece of evidence when
21  it's signed as being noted to perjury? It's got the
22  statement at the bottom.
23  THE COURT: Make your argument. I told her that I
24  want to hear your argument.
25  THE DEFENDANT: He stated he got out and walked

*[handwritten margin note: specifically brought to Court's attention]*

drb