UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

08-CV-2641 (RJD) (LB)

42 USC §1983

28 USC §1331

---

Robert Lemmo,
Plaintiff.

-against-

Det. Micheal Cervini. N.Y.P.D.

Det. Edward Spagnuolo. N.Y.P.D.

New York City Police Dept.
Defendants.

---

**JURY TRIAL DEMANDED**

Civil Complaint

Amended

**PARTIES ADDRESSES**

ORIGINAL

RECEIVED
JUL 15 2008
PRO SE OFFICE

Plaintiff:

Robert Lemmo 441-07-09000

18-18 Hazen street

Queens, N.Y. 11370

Defendants:

Det.Micheal Cervini. Badge# 2426

New York City Police Dept.

One Police Plaza

New York,N.Y. 10038

Det. Edward Spagnuolo. Badge# 7179

New York City Police Dept.

One Police Plaza

New York,N.Y. 10038

## STATEMENT OF JURISDICTION

The Claim herein occurred in the County of Queens, New York and is presented according to 42 USC § 1983 and 28 USC § 1331 and therefore provides Jurisdiction to the United States District Court, Eastern District of New York.

## BASIS OF COMPLAINT

1) On July 27,2007 Det.Cervini did engage in a Search and Seize campaign upon Mr.Lemmo as is his usual behavior whenever seeing Mr.Lemmo anywhere in the Queens County area.

2) The confrontation on July 27,2007 did lead to a arrest of Mr.Lemmo and included a Hospitalization of Mr.Lemmo with head lacerations and a dis-placed fracture of Mr.Lemmo's right hand while hand cuffed.

3) On July 28,2007 Det.Cervini did commit perjury in the form of sworn statements ( Appendix-A ) contained in the Queens District Attorney's and Grand Jury testimony a few days later concerning the evening before. The perjury was specific to the initial confrontation and supported by arrest and complaint reports prepared by him the evening and following morning by Det. Cervini about the alledged reason and manner of confrontation. Compared to felony complaint.

4) On July 27,2007 Det.Cervini did deliberately crash his Police van into Mr.Lemmo's vehicle in order to pin Mr.Lemmo inside of his own vehicle.

6) Det.Cervini did cause a dis-placed fracture in Mr.Lemmo's right hand while Mr.Lemmo was laying face down on the ground with a bleeding laceration by twisting Mr.Lemmo's thumb to the point where the broke.

7) On July 27,2007 Det.Spagnuolo did threaten the use of a chemical agent on Mr.Lemmo while Mr.lemmo was laying face down and hand-cuffed and alternately kneeing and stepping on Mr.Lemmo's back and kidney area demanding anwsers to questions concerning what I (Mr.Lemmo) was doing when they first approached me.

8) On July 27,2007 Det.Spagnuolo did deliberately tighten Mr. Lemmo's hand-cuffs as tight as possible and walked Mr.Lemmo a ½ of a block and back from the arrest scene to the corner and back while twisting and yanking Mr.Lemmo's broken hand and fingers exclaiming " <u>don't move and it won't hurt so much</u> "

9) On July 27,2007 Det.Spagnuolo did threaten Mr.Lemmo's future liberty asserting to arrest Mr.Lemmo anytime, anywhere and for what ever reason he think of.

10) Det.Spagnuolo did commit perjury and tampering with physical evidence in violation of N.Y.S.Penal Law by providing the queens District Attorney's Office with a false statement supposedly madde by Mr.Lemmo while in the Hospital after the arrest on July 27,2007.

11) Det.Cervini did commit pejury and tampering with physical evidence in violation of N.Y.S. Penal Law by providing a statement and photos of dameged property claiming Mr.Lemmo did it when in fact the incident never occurred in his sight or the way he claims.

12) Det.Cervini did illegally <u>Seize and Search</u> on numerous other occasions while making disparaging and intimidating remarks concerning Mr.Lemmo's liberty. Most notably on the three below listed times and dates:

On January 5 or 6 2007 on 21 street and 40 Ave. around 8 to 10 P.M. while he was a passenger in a green caravan ( un-marked )

On January 30,2007 in front of Sports Athority on Northern Blvd. and Broadway vicinity at around 2 to 4:30 P.M. while he was driving a white prisoner van and he did search my vehicle with his team members for at least 10 Mins. while detaining me for the lenght while standing me in front of my vehicle.

On March 3, 2007 Det.Cervini did Seize and Search Mr.Lemmo in his vehicle while Det,Cervini was driving a blue van or caravan while his team members were driving a blue Dodge durango in Queens at 10 street between just off 41 Ave at around 9:30 to 10:30 A.M.

Wherefore Mr.Lemmo hereby demands that Det.s Cervini and Spagnuolo be held criminally liable for their battery and perjurious behavior toward Mr.Lemmo according to Title 18 USC. and other applicable rules and Laws.

Mr.Lemmo also demands that the defendants pay the amount of $ 5,000,000.00 as a combined total of punitive and compensatory damages for the physical, psycological and Constitutional depravations suffered by Mr.Lemmo because of the defendants' willful and deliberate violations of Mr.Lemmo's Civil Liberties, to wit: Det.Cervini did deliberately violate Mr.Lemmo's Constitutional amendments IV, V, VI, VIII, XIV and the NEW YORK STATE Constitutional and Statutorial equivilent protections by initiating and maintaining a Seize and Search campaign against Mr.Lemmo over personal and public objections by Mr.Lemmo on numerous occasions and are therefore liable.

DATED July 11, 2008

I declare under the penalty of oerjury that the foregoing and aforesaid facts and statements are true.

Respectfully

Robert Lemmo

441-07-09000

Robert Lemmo, Plaintiff

18-18 Hazen Street

Queens, NY. 11370

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

APPENDIX A

PROOF OF PERJURY

Please take notice that this is a proof sample of perjury by Police Officer Cervini of Queens Narcotics Bureau.

1) The sworn felony complaint is one version.

2) Transcripts of sworn testimony is a different version.

Take further notice of two documents supporting Cervini's first version of the encounter;

1) Police Report "entered by" space with his name at the bottom of the last page.

2) Complaint Report with "reporting/investigating M.O.S. name" at the end of the document.

The two supporting documents are time dated four (4) hours before the D.A.'s felony complaint. The perjury is specific to the initial encounter with and about me, thus making it specific to violating my Constitutionally protected rights as a citizen and supportive of covering Police misconduct.

It is a matter that needs real attention. It also involves a serious fracture that constitues a permanent physical disability for me and the second actual fracture surrounding this Officer in general.

Respectfully,

Robert Lemmo

Robert Lemmo

OR UNREASONABLY ENDANGERS THE USERS OF THE PUBLIC HIGHWAY;RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF DAMAGE TO THE PROPERTY OF ANOTHER PERSON IN AN AMOUNT EXCEEDING TWO HUNDRED FIFTY DOLLARS;OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR VEHICLE IN THIS STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED BY THE COMMISSIONER IS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE COMMISSIONER;NOT DIRECTED BY A TRAFFIC OR POLICE OFFICER AND NOT SUBJECT TO THE EXCEPTIONS GRANTED DRIVERS OF AUTHORIZED EMERGENCY VEHICLES, KNOWINGLY AND UNLAWFULLY DISOBEY THE INSTRUCTIONS OF AN OFFICIAL TRAFFIC-CONTROL DEVICE APPLICABLE TO HIM/HER PLACED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE TWENTY-FOUR OF THE VEHICLE AND TRAFFIC LAW;KNOWINGLY AND UNLAWFULLY DRIVE A VEHICLE IN A DIRECTION OTHER THAN THE ONE DESIGNATED ON THE ROADWAY DESIGNATED AND SIGNPOSTED FOR ONE-WAY TRAFFIC;NO PERSON SHALL DRIVE A VEHICLE AT A SPEED GREATER THAN IS REASONABLE AND PRUDENT UNDER THE CONDITIONS AND HAVING REGARD TO THE ACTUAL AND POTENTIAL HAZARDS THEN EXISTING.;NOT OPERATING A VEHICLE DURING A ROAD TEST CONDUCTED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN OF THE VEHICLE AND TRAFFIC LAW, KNOWINGLY AND UNLAWFULLY OPERATE OR DRIVE A MOTOR VEHICLE UPON A STATE PUBLIC HIGHWAY, ANY SIDEWALK, OR TO OR FROM ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR WASHING ESTABLISHMENT, OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING ESTABLISHMENT WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN;WHILE OPERATING A MOTOR VEHICLE, KNOWING OR HAVING CAUSE TO KNOW THAT DAMAGE HAD BEEN CAUSED TO THE REAL PROPERTY OR TO THE PERSONAL PROPERTY, NOT INCLUDING ANIMALS, OF ANOTHER, DUE TO AN INCIDENT INVOLVING THE MOTOR VEHICLE OPERATED BY SUCH PERSON DID BEFORE LEAVING THE PLACE WHERE THE DAMAGE OCCURRED, FAIL TO STOP, EXHIBIT HIS OR HER LICENSE AND INSURANCE IDENTIFICATION CARD FOR SUCH VEHICLE, WHEN SUCH CARD WAS REQUIRED PURSUANT TO ARTICLES SIX AND EIGHT OF THIS CHAPTER, AND GIVE HIS OR HER NAME, RESIDENCE, INCLUDING STREET AND NUMBER, INSURANCE CARRIER AND INSURANCE IDENTIFICATION INFORMATION INCLUDING BUT NOT LIMITED TO THE NUMBER AND EFFECTIVE DATES OF SAID INDIVIDUAL'S INSURANCE POLICY, AND LICENSE NUMBER TO THE PARTY SUSTAINING THE DAMAGE, OR IN CASE THE PERSON SUSTAINING THE DAMAGE IS NOT PRESENT AT THE PLACE WHERE THE DAMAGE OCCURRED THEN HE OR SHE DID FAIL TO REPOERT THE SAME AS SOON AS PHYSICALLY ABLE TO THE NEAREST POLICE STATION, OR JUDICIAL OFFICER

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE HE OBSERVED THE DEFENDANT, ROBERT J LEMMO, SITTING IN A DOUBLE-PARKED 1996 JEEP AUTOMOBILE WITH ITS DOOR LOCK POPPED OUT AND AIRBAG MISSING FROM THE STEERING WHEEL.

first version

DEPONENT STATES THAT HE EXITED HIS POLICE VEHICLE AND APPROACHED THE DEFENDANT'S VEHICLE AND THE DEFENDANT DROVE HIS AUTOMOBILE TOWARD THE DEPONENT, CAUSING THE DEPONENT TO HAVE TO AVOID BEING STRUCK BY SAID VEHICLE.

DEPONENT STATES THAT HE OBSERVED THE DEFENDANT DRIVE SAID AUTOMOBILE IN REVERSE DOWN 31 AVENUE FOR TWO BLOCKS AT APPROXIMATELY 40 MILES PER HOUR, WHERE THE SPEED LIMIT IS 35 MILES PER HOUR.

JUL-28-2007 09:36

ARREST Report - Q07643029

P.D. 313 + Follow-up

follow up informational

P.001

Page 1






RECORD STATUS: ARR PRC CMPL

Arrest Location: FRONT OF 28-39 42 STREET

Arrest ID: Q07643029 - Z

Pct: 114

Arrest Date: 07-27-2007

Time: 20:15:00

Sector: D

Stop And Frisk: NO

Serial #: 0000-000-00000

Processing Type: ON LINE

DCJS Fax Number: QO041421

Special Event Code: -

OAT Number: 0

Return Date: 0000-00-00

COMPLAINTS:

Arrest #: Q07643029

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2007-114-08002 | 2007-07-27 | Reserved # for Arrest | 2007-07-27 | 20:12 |

CHARGES:

Arrest #: Q07643029

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 120.25 | F | D | 1 | RECKLESS ENDANGERMENT-1ST |
| #02 | No | PL 120.05 03 | F | D | 1 | ASLT W/INT CAUS PH INJ TO OFF |
| #03 | No | PL 145.10 | F | D | 1 | CRIMINAL MISCHIEF - 2ND |
| #04 | No | PL 145.05 | F | E | 1 | CRIMINAL MISCHIEF-3RD |
| #05 | No | PL 155.30 01 | F | E | 1 | GR LAR 4:VALUE PROPERTY >$1000 |
| #06 | No | PL 120.20 | M | A | 1 | RECKLESS ENDANGERMENT-2ND |
| #07 | No | PL 120.00 01 | M | A | 1 | ASLT W/INT CAUSES PHYS INJURY |
| #08 | No | PL 165.05 01 | M | A | 1 | UNAUTH USE VEH:W/O OWNER CNSNT |
| #09 | No | PL 145.00 01 | M | A | 1 | CRIM MIS:INTENT DAMAGE PROPRTY |
| #10 | No | PL 165.40 | M | A | 1 | CRIM POSSESSION STOLN PROP-5TH |
| #11 | No | PL 205.30 | M | A | 1 | RESISTING ARREST |
| #12 | No | VTL0511 01A | M | U | 1 | AGGRAVATED UNLIC OPER VEH-3RD |
| #13 | No | VTL1212 | M | U | 1 | RECKLESS DRIVING |
| #14 | No | VTL0509 01 | I | 0 | 1 | MV LICENSE VIOL:NO LICENSE |
| #15 | No | VTL1110 0A | I | 0 | 1 | FAILURE TO OBEY TRAFFIC DEVICE |
| #16 | No | VTL1127 0A | I | 0 | 2 | DRIVE WRNG DIREC ON ONE WAY ST |

| DWI Arrest from: | # Injured: | # Fatalities: | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|
| | 00 | 00 | | | |

DETAILS:

Arrest #: Q07643029

AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-30 89 WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN ATTEMPT TO STRIKE THEM. DEFENDANT DID RUN OVER ARRESTING OFFICER'S LEFT FOOT CA USING PAIN AND SEVERE SWELLING. DEFENDANT DID ENAGE THE OFFICERS IN A PURSUIT DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING, AND CHILDREN PLA YING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 3,000 THOUSAND DOLLARS. DEFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. N ECESSARY FORCE WAS USED TO EFFECT THE ARREST.

← supporting statement of first version

DEFENDANT: LEMMO, ROBERT J

NYSID #:

Arrest #: Q07643029

Nick/AKA/Maiden:

Sex: MALE

Height: 5FT 10IN

Weight: 170

Order Of Protection: NO

Issuing Court: COUNTY

**ARRESTING OFFICER: DT3 MICHAEL C CERVINI**

Tax Number: 913928
Other ID (non-NYPD): 913928
Shield: 2426
Department: NYPD
Command: NAR BQ| Primary Assignment:

On Duty: YES
In Uniform: NO
Squad: 97
Chart: 97

Arrest #: Q07643029

**Force Used:** YES
Type: PHYSICAL FORCE
Reason: OVERCOME ASSAULT
Officer Injured: YES

| | | | |
|---|---|---|---|
| Arresting Officer Name: DT3 CERVINI, MICHAEL C | Tax #: 913928 | Command: NAR BQ | Agency: NYPD |
| Supervisor Approving: SGT HOLSEY | Tax #: 906473 | Command: 541 | Agency: NYPD |
| Report Entered by: DT3 CERVINI | Tax #: 913928 | Command: 541 | Agency: NYPD |

POLICE DEPARTMENT

**END OF ARREST REPORT**
**Q07643029**

MISD

Print this Report

JUL-28-2007 09:36

Complaint Report - 2007-114-08002

P.004

Page 1



# New York City Police Department

## Omniform System - Complaints

MISD

Report Cmd: 114

Jurisdiction: N.Y. POLICE DEPT

Record Status: Ready for Signoff, with Arrest

Complaint #: 2007-114-08002

Occurrence Location: NORTH WEST CORNER 31 AVENUE & 49 STREET

Name Of Premise:

Premises Type: STREET

Location Within Premise: CAR

Visible By Patrol?: YES

Precinct: 114

Sector: C

Beat:

Post:

Occurrence From: 2007-07-27 20:12 FRIDAY

Occurrence thru: 2007-07-27 20:15

Reported: 2007-07-27 23:30

Complaint Received: PICK-UP

Aided # 000009999

Accident #

O.C.C.B. #

Classification: ASSAULT

Attempted/Completed: COMPLETED

Most Serious Offense is: FELONY

PD Code: 106 ASSAULT 2,1,PEACE OFFICER

PL Section: 12005

Keycode: 106 ASSAULT-FELONIOUS

Case Status: CLOSED

Unit Referred To:

Clearance Code: DETECTIVE ARREST

Log/Case #: 0

File #: 0

Prints Requested? NO

Was The Victim's Personal Information Taken Or Possessed? NO

Was The Victim's Personal Information Used To Commit A Crime? NO

Gang Related? NO

Gang Intel Log #:

Name Of Gang:

DIR Required? NO

Child Abuse Suspected? NO

If Burglary:

Forced Entry?

Structure:

Entry Method:

Entry Location:

Alarm:

Bypassed?

Comp Responded?:

Company Name/Phone:

Crime Prevention Survey Requested?:

If Arson:

Structure:

Occupied?:

Damage by:

Supervisor On Scene - Rank / Name / Command : SGT HOLSEY NBQ

Canvass Conducted: NO

Interpreter(if used):

NARRATIVE:

AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-3089 WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN ATTEMPT TO STRIKE THEM. DEFENDANT DID RUN OVER ARRESTING OFFICERS LEFT FOOT CAUSING PAIN AND SEVERE SWELLING. DEFENDANT DID ENGAGE THE OFFICERS IN A PURSUIT DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING AND CHILDREN PLAYING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 3,000 THOUSAND DOLLARS. DEFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. NECESSARY FORCE WAS USED TO EFFECT THE ARREST.

Supporting Statement of first version

No NYC TRANSIT Data for Complaint # 2007-114-08002

| Total Victims: | Total Witnesses: | Total Reporters: | Total Wanted: |
|---|---|---|---|
| 1 | 0 | 0 | 0 |

VICTIM: # 1 of 1

Name:

Complaint #: 2007-114-08002

Nick/AKA/Maiden:

Gang Affiliation:

Complaint Report - 2007-114-08002



Sex/Type: PSNY
Race: UNKNOWN
Age: 0
Date Of Birth: UNKNOWN
Disabled? NO
Need Interpreter:
Language:
N.Y.C.H.A Resident?

Name:
Identifiers:

Will View Photo:
Will Prosecute:
Notified Of Crime Victim Comp. Law:

LOCATION ADDRESS CITY STATE/COUNTRY ZIP APT/ROOM

Phone #:

Action against Victim:

Victim Of Similar Incident:

Actions Of Victim Prior To Incident:

If Yes, When And Where

ARRESTS:

Complaint # 2007-114-08002

| Arrest ID | Status | Defendant Name | Sex | Race | AGE | Arrest Date |
|---|---|---|---|---|---|---|
| Q07643029 | ACTIVE | LEMMO, ROBERT | MALE | | 40 | 07/27/2007 |

Reporting/Investigating M.O.S. Name:
DT3 MICHAEL CERVINI

| Name | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Supervisor Approving Name: SGT MICHAEL HOLSEY | 913328 | NAR BQ | NYPD |
| Complaint Report Entered By: SGT STONE | 908473 | NAR BQ | NYPD |
| Signoff Supervisor Name: | 898591 | 114 PCT | NYPD |
| | 000000 | | |

END OF COMPLAINT REPORT
# 2007-114-08002



Print this Report

A Offhand, yeah.

Q What were they?

A Lacerations to the left head and I believe a wrist injury or a hand injury.

Q Okay. Do you -- were you at the hospital with him?

A No, I was not.

Q Okay. Were you treated -- with your specific injury were you treated at the scene by EMS?

A No, I was not.

Q No. Okay. Do you know how the defendant ended up in the hospital? Was it by ambulance or was it by police car?

A You were taken to -- by ambulance immediately from the scene for your injuries.

Q Okay. Do you know who escorted me?

MS. CARLINO: Objection, Judge. Beyond the scope.

THE COURT: Overruled. Do you know who?

THE WITNESS: I don't know who took him that day.

THE COURT: It wasn't you?

THE DEFENDANT: Right. No, it was not.

Q Now, the following day after the arrest of this case I'm sure you came to the district attorney's office, you filled out a felony complaint?

THE COURT: Did you?

THE WITNESS: Yes. That's correct.

Q Okay. In the felony complaint --

THE WITNESS: Your Honor, I'm just gonna look at my felony complaint also.

THE COURT: Do you have a question now?

THE DEFENDANT: Oh, I was giving him some time to refresh.

THE COURT: Did you find it?

THE WITNESS: Yeah. I have the complaint in front of me.

Q Felony complaint states that you exited your vehicle and approached my vehicle.

MS. CARLINO: Objection. It's improper at this point. The document is not in evidence.

THE COURT: Oh, I don't know that. I don't know that there's not an inconsistent statement in there some way. I'm gonna let him ask the question. What are you asking him?

Q In the felony complaint it states that he exited his vehicle?

THE COURT: And what's your question?

Q I wanted to ask him how many feet he was to my vehicle when I supposedly went in reverse?

MS. CARLINO: Can we clarify, Judge, at what point.

THE DEFENDANT: When he initially stopped me. The initial seizure.

THE COURT: Why don't you do that. You could really only refer to what you said early.

THE DEFENDANT: I can't --

THE COURT: Let me finish. You could ask him if he said things in the past different than what he said now. But what you want to do apparently -- you don't even have to do that. You have a question about distance, ask him. You can ask him. I'm letting you do it.

THE DEFENDANT: That's what I just said.

THE COURT: What I'm explaining to you is what he said in the past --

THE DEFENDANT: Don't go off the paperwork, go off what he said.

THE COURT: You could only use the paperwork and about something that he said then different than he's saying. Different now. But I'm not stopping you about asking him about the distance. Where you were and he was at a given point. Just ask the question.

Q All right. Back to the -- to the part when you say that you blocked his truck with your van, okay. Did you exit your vehicle at that time?

A The first initial stop, no, I did not.

I'm gonna decide that.

THE DEFENDANT: No, that's ones that are being turned in now.

THE COURT: I'll add it to what you already gave me.

THE DEFENDANT: All right. And I would like to sum up on the case itself.

THE COURT: Go ahead.

THE DEFENDANT: Officer Cervini stated in his arrest report he claims that he got out and approached the vehicle of the defendant 'cause he seen him double-parked, okay. Here tonight he says he never got out of the vehicle at all.

specifically brought to Court's attention

MS. CARLINO: Objection. The report is not in evidence.

THE COURT: I heard the evidence. You're gonna be able to argue to -- objections are just gonna take longer.

THE DEFENDANT: Well, I mean, how could you say that the felony complaint is not piece of evidence when it's signed as being noted to perjury? It's got the statement at the bottom.

THE COURT: Make your argument. I told her that I want to hear your argument.

THE DEFENDANT: He stated he got out and walked

# Affidavit of Service By Mail

Please be advised that I Robert Lemmo am providing a Amended Civil Complaint 08-CV-2641 (RJD) (LB) to the Pro-Se Clerk of the U.S. District Court, Eastern District of New York, By U.S.P.S. by means of a mail box at AMKC 18-18 Hazen street this _ day of July 2008.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 14 2008 ★
BROOKLYN OFFICE

I declare under the penalty of Perjury that the above facts are true

Robert Lemmo
18-18 Hazen street
Queens, NY. 11370

Robert Lemmo