UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK-

--------------------------------    08-CV- 2641 (RJD) (LB)

Robert Lemmo,     Plaintiff.        42 USC §1983

      -against-              28 USC §1331

Det.Micheal Cervini #2426           ~~COPY~~

Det.Edward Spagnuolo #7191          JURY TRIAL DEMANDED

New York City Police Dept.
                et.als.         CIVIL COMPLAINT

            Defendants.         SECOND AMENDMENT

--------------------------------

PARTIES ADDRESSES

Plaintiff:    Robert Lemmo

            18-18 Hazen street

            E.Elmhurst,N.Y. 11370

Defendants:

            Det.Micheal Cervini badge#2426

            NEw York City Police Dept.

            One Police Plaza

            New York,N.Y. 10038

            Det.Edward Spagnuolo badge# 7191

            New York City Police Dept.

            One Police Plaza

            New York,N.Y. 10038

            New York City Police Dept.

            One Police Plaza

            New York.N.Y. 10038

[RECEIVED AUG 11 2008 PRO SE OFFICE]

## STATEMENT OF JURISDICTION

The claim herein occurred in the County of Queens, New York and is presented according to 42 USC § 1983 and 28 USC § 1331 and is therefore providing jurisdiction to the United States District Court of New York.

## BASIS OF COMPLAINT

1) On July 27,2007 Det.Cervini did engage in a <u>Seize and Search</u> campaign against as is his usual behavior whenever seeing Mr.Lemmo anywhere in the Queens area.

2) The confrontation of July 27,2007 lead to the arrest and Hospitalization of Mr.Lemmo with head lacerations and a dis-placed fracture of Mr.Lemmo's right hand while hand-cuffed.

3) On July 28,2007 Cervini did commit perjury in the form of sworn statements in his felony complaint compared to the Grand Jury and Hearing testimony. ( Appendix - A ) The perjury was specific to the arrest and is supported by the arrest and complaint reports provided by Cervini the next day

4) On July 27,2007 Cervini did deliberately drive his van into Mr.Lemmo's Jeep door in order to pin Mr.Lemmo into the vehicle just prior to the arrest.

5) On July 27,2007 Det.Spagnuolo did repeatedly punch Mr.Lemmo in the head and face area while Mr.Lemmo was pinned in his Jeep with Cervini's van crashed against his Jeep door.

6) Det.Cervini did cause a dis-placed fracture to Mr.Lemmo's right hand while he was hand-cuffed and laying face down on the ground bleeding from the punches of Det.Spagnuolo. Cervini did twist Mr.Lemmo's thumb until it broke.

7)     On July 27,2007 Det.Spagnuolo did threaten the use of a chemical agent Mr.Lemmo while laid face down hand cuffed and bleeding and alternately kneeing and stepping on Mr.Lemmo's kidney area demanding anwsers to questions as to why Mr.Lemmo was in the area.

8)     On July 27,2007 Det Spagnuolo did deliberately tighten Mr.Lemmo's hand cuffs as tight as possible and walked Mr.lemmo a 1/2 a block and back exclaiming " don't move so much and it won't hurt ". The walk was supposedly to meet an ambulance.

9)     On July 27,2007 det.Spagnuolo did threaten Mr.Lemmo's future liberty asserting to arrest MrL,emmo anytime, anywhere and for whatever reason he could think of.

10)     Det.Spagnolo did commit perjury and tampering with physical evidence in violation of New York State Penal Law by providing the Queens District Attorney's Office with a false statement supposedly mad e by Mr.Lemmo while in the Hospital after the arrest,the statement is in fact a serious mis-representation.

11)     Det.Cervini did commit perjury and tampering with physical evidence in violation of the New York State Penal Law by providing the Queens District Attorney's Office with a false scenario and photos of property damage supposedly caused by Mr.Lemmo when in fact it never occurred because of Mr.Lemmo or in Cervini's sight.

12)     Det.Cervini did illegally <u>Seize and Search</u> Mr.Lemmo on numerous other occassions making disparaging and threatening remarks about Mr.Lemmo's liberty. Most notably on the three (3) below or hereafter listed times and places:

- Page 3 -

<u>ILLEGAL SEIZURES TIMES AND PLACES</u>

CONTINUED

On January 5 or 6,2007 between 8:00 and 10:00 P.M. on 21 street and 40 Avenue Cervini was in a green caravan. he did stop search and release Mr.Lemmo claiming "Bobby what are you doing"

On Janury 30,2007 between 2:00 and 4:30 P.M. on Northern Blvd. near Broadway in front of the Sports Authority Cervini was driving a grey/white van and two orthers in a blue Ford Explorer did surround Mr.Lemmo and illegally search Mr.Lemmo, two passengers and his vehicle.

On February24,2007 Cervini was in a blue van or SUV at 8:00 to 9:00 A.M. did surround Mr.Lemmo's van with two other Officers in a blue Dodge Durango searching and Questioning Mr.Lemmo as usual, with threats and intimidations of jailing the Plaintiff.

Wherefore, Mr.Lemmo hereby requests that defendants Cervini and Spagnuolo be held criminally liable for their battery and perjurious actions concerning Mr.Lemmo according to Title 18 USC §§§§§§ and any other applicable laws and rules.

- Page 4 -

Mr.Lemmo also demands that the defendants pay the plaintiff the amount of $ 5,000,000.00 as a combined total for punitive and compensatory damages for the physical, psychological and Constitutional depravations and sustained damages suffered by Mr.Lemmo due to Cervini's and his various partners' willful and deliberate violations of Mr.Lemmo's Civil Liberties, to wit: Cervini did deliberately on numerous different times and occassions violate Mr.Lemmo's Constitutional protections of the IV, V, VI, VIII, and XIV Amendments of The United States Constitution and the equivalent New York State Constitutional and Statutorial protections by initiating and maintaining a seize and search campaign against Mr.Lemmo regardless of public and personal objections by Mr. Lemmo on numerous occassions and are therefore liable.

DATED 8-8-08

Respectfully,

*Robert Lemmo*

Robert lemmo 441-07-09000

18-18 Hazen street

Queens, N.Y. 11370

I declare under the penalty of perjury that the aforesaid statements and facts are true.

*Robert Lemmo*

Robert Lemmo-Plaintiff/Pro Se

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

**APPENDIX A**

## PROOF OF PERJURY

Please take notice that this is a proof sample of perjury by Police Officer Cervini of Queens Narcotics Bureau.
1) The sworn felony complaint is one version.
2) Transcripts of sworn testimony is a different version.

Take further notice of two documents supporting Cervini's first version of the encounter:
1) Police Report "entered by" space with his name at the bottom of the last page.
2) Complaint Report with "reporting/investigating M.O.S. name" at the end of the document.

The two supporting documents are time dated four (4) hours before the D.A.'s felony complaint. The perjury is <u>specific</u> to the initial encounter with and about me, thus making it <u>specific</u> to violating my Constitutionally protected rights as a citizen and supportive of covering Police misconduct.

It is a matter that needs real attention. It also involves a serious fracture that constitues a <u>permanent physical disability for me and the second actual fracture surrounding this Officer in general.</u>

Respectfully,

*Robert Lemmo*

Robert Lemmo

7  13:54

P.002

LEMMO,ROBERT J  Q07643821

OR UNREASONABLY ENDANGERS THE USERS OF THE PUBLIC HIGHWAY;RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF DAMAGE TO THE PROPERTY OF ANOTHER PERSON IN AN AMOUNT EXCEEDING TWO HUNDRED FIFTY DOLLARS;OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR VEHICLE IN THIS STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED BY THE COMMISSIONER IS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE COMMISSIONER;NOT DIRECTED BY A TRAFFIC OR POLICE OFFICER AND NOT SUBJECT TO THE EXCEPTIONS GRANTED DRIVERS OF AUTHORIZED EMERGENCY VEHICLES, KNOWINGLY AND UNLAWFULLY DISOBEY THE INSTRUCTIONS OF AN OFFICIAL TRAFFIC-CONTROL DEVICE APPLICABLE TO HIM/HER PLACED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE TWENTY-FOUR OF THE VEHICLE AND TRAFFIC LAW;KNOWINGLY AND UNLAWFULLY DRIVE A VEHICLE IN A DIRECTION OTHER THAN THE ONE DESIGNATED ON THE ROADWAY DESIGNATED AND SIGNPOSTED FOR ONE-WAY TRAFFIC;NO PERSON SHALL DRIVE A VEHICLE AT A SPEED GREATER THAN IS REASONABLE AND PRUDENT UNDER THE CONDITIONS AND HAVING REGARD TO THE ACTUAL AND POTENTIAL HAZARDS THEN EXISTING.;NOT OPERATING A VEHICLE DURING A ROAD TEST CONDUCTED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN OF THE VEHICLE AND TRAFFIC LAW, KNOWINGLY AND UNLAWFULLY OPERATE OR DRIVE A MOTOR VEHICLE UPON A STATE PUBLIC HIGHWAY, ANY SIDEWALK, OR TO OR FROM ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR WASHING ESTABLISHMENT, OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING ESTABLISHMENT WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN;WHILE OPERATING A MOTOR VEHICLE, KNOWING OR HAVING CAUSE TO KNOW THAT DAMAGE HAD BEEN CAUSED TO THE REAL PROPERTY OR TO THE PERSONAL PROPERTY, NOT INCLUDING ANIMALS, OF ANOTHER, DUE TO AN INCIDENT INVOLVING THE MOTOR VEHICLE OPERATED BY SUCH PERSON DID BEFORE LEAVING THE PLACE WHERE THE DAMAGE OCCURRED, FAIL TO STOP, EXHIBIT HIS OR HER LICENSE AND INSURANCE IDENTIFICATION CARD FOR SUCH VEHICLE, WHEN SUCH CARD WAS REQUIRED PURSUANT TO ARTICLES SIX AND EIGHT OF THIS CHAPTER, AND GIVE HIS OR HER NAME, RESIDENCE, INCLUDING STREET AND NUMBER, INSURANCE CARRIER AND INSURANCE IDENTIFICATION INFORMATION INCLUDING BUT NOT LIMITED TO THE NUMBER AND EFFECTIVE DATES OF SAID INDIVIDUAL'S INSURANCE POLICY, AND LICENSE NUMBER TO THE PARTY SUSTAINING THE DAMAGE, OR IN CASE THE PERSON SUSTAINING THE DAMAGE IS NOT PRESENT AT THE PLACE WHERE THE DAMAGE OCCURRED THEN HE OR SHE DID FAIL TO REPORT THE SAME AS SOON AS PHYSICALLY ABLE TO THE NEAREST POLICE STATION, OR JUDICIAL OFFICER.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE HE OBSERVED THE DEFENDANT, ROBERT J LEMMO, SITTING IN A DOUBLE-PARKED 1996 JEEP AUTOMOBILE WITH ITS DOOR LOCK POPPED OUT AND AIRBAG MISSING FROM THE STEERING WHEEL.

DEPONENT STATES THAT HE EXITED HIS POLICE VEHICLE AND APPROACHED THE DEFENDANT'S VEHICLE AND THE DEFENDANT DROVE HIS AUTOMOBILE TOWARD THE DEPONENT, CAUSING THE DEPONENT TO HAVE TO AVOID BEING STRUCK BY SAID VEHICLE.

DEPONENT STATES THAT HE OBSERVED THE DEFENDANT DRIVE SAID AUTOMOBILE IN REVERSE DOWN 31 AVENUE FOR TWO BLOCKS AT APPROXIMATELY 40 MILES PER HOUR, WHERE THE SPEED LIMIT IS 35 MILES PER HOUR.

*[handwritten annotation: "first version" with bracket marking the two preceding paragraphs, crossed out with X]*

*P.D. 313 + follow-up*
*follow up informational*




# New York City Police Department
## Omniform System - Arrests

**RECORD STATUS: ARR.PRC.CMPL**

**Arrest Location:** FRONT OF 28-39 42 STREET
**Arrest ID:** Q07643029 - Z

**Arrest Date:** 07-27-2007
**Processing Type:** ON LINE
**Pct:** 114
**Time:** 20:15:00
**OCJS Fax Number:** Q0041421
**Sector:** D
**Special Event Code:** -
**DAT Number:** 0
**Stop And Frisk:** NO
**Return Date:** 0000-00-00
**Serial #:** 0000-000-00000

## COMPLAINTS:

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2007-114-08092 | 2007-07-27 | Reserved # for Arrest | 2007-07-27 | 20:12 |

**Arrest #:** Q07643029

## CHARGES:

**Arrest #:** Q07643029

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 120.25 | F | D | 1 | RECKLESS ENDANGERMENT-1ST |
| #02 | No | PL 120.05 03 | F | D | 1 | ASLT W/INT CAUS PH INJ TO OFF |
| #03 | No | PL 145.10 | F | D | 1 | CRIMINAL MISCHIEF - 2ND |
| #04 | No | PL 145.05 | F | D | 1 | CRIMINAL MISCHIEF-3RD |
| #05 | No | PL 155.30 01 | F | E | 1 | GR LAR 4:VALUE PROPERTY >$1000 |
| #06 | No | PL 120.20 | M | A | 1 | RECKLESS ENDANGERMENT-2ND |
| #07 | No | PL 120.00 01 | M | A | 1 | ASLT W/INT CAUSES PHYS INJURY |
| #08 | No | PL 165.05 01 | M | A | 1 | UNAUTH USE VEH:W/O OWNER CNSNT |
| #09 | No | PL 145.00 01 | M | A | 1 | CRIM MIS:INTENT DAMAGE PROPRTY |
| #10 | No | PL 165.40 | M | A | 1 | CRIM POSSESSION STOLN PROP-5TH |
| #11 | No | PL 205.30 | M | A | 1 | RESISTING ARREST |
| #12 | No | VTL0511 01A | M | U | 1 | AGGRAVATED UNLIC OPER VEH-3RD |
| #13 | No | VTL1212 | M | U | 1 | RECKLESS DRIVING |
| #14 | No | VTL0509 01 | I | O | 1 | MV LICENSE VIOL:NO LICENSE |
| #15 | No | VTL1110 0A | I | O | 1 | FAILURE TO OBEY TRAFFIC DEVICE |
| #16 | No | VTL1127 0A | I | O | 2 | DRIVE WRNG DIREC ON ONE WAY ST |

**DWI Arrest from:**
**# Injured:** 00
**# Fatalities:** 00
**Test Given:**
**B.A.C.:**
**Reason Not Forfeit:**

**DETAILS:**
**Arrest #:** Q07643029

AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-30 [...] WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN ATTEMPT TO STRIKE THEM. DEFENDANT DID RUN OVER ARRESTING OFFICER FRT FT FOOT CA[U]SING PAIN AND SEVERE SWELLING. DEFENDANT DID ENAGE THE OFFICERS IN A PURSUIT DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING, AND CHILDREN PLA[Y]ING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 1,000 THOUSAND DOLLARS. [D]EFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. N[EC]ESSARY FORCE WAS USED TO EFFECT THE ARREST.

← *supporting statement of first version*

**DEFENDANT:** LEMMO, ROBERT J
**Nick/AKA/Maiden:**
**Sex:** MALE
**Height:** 5FT 10IN
**Weight:** 170
**NYSID #:**
**Order Of Protection:** NO
**Issuing Court:** COUNTY
**Arrest #:** Q07643029

ARREST Report - Q07643029

P.003
Page 3

| ARRESTING OFFICER: DT3 MICHAEL C CERVINI | | |
|---|---|---|
| Tax Number: 913928 | On Duty: YES | Arrest #: Q07643029 |
| Other ID (non-NYPD): 913928 | In Uniform: NO | |
| Shield: 2426 | Squad: 97 | Force Used: YES |
| Department: NYPD | Chart: 97 | Type: PHYSICAL FORCE |
| Command: NAR BQ | Primary Assignment | Reason: OVERCOME ASSAULT |
| | | Officer Injured: YES |

| Arresting Officer Name: DT3 CERVINI, MICHAEL C | Tax #: 913928 | Command: NAR BQ | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT HOLSEY | Tax #: 906473 | Command: 541 | Agency: NYPD |
| Report Entered by: DT3 CERVINI | Tax #: 913928 | Command: 541 | Agency: NYPD |



### END OF ARREST REPORT
### Q07643029



Print this Report

JUL-28-2007 09:36
Complaint Report - 2007-114-08002

P.004
Page 1

# New York City Police Department
## Omniform System – Complaints

| Report Cmd: 114 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Ready for Signoff, with Arrest | |
|---|---|---|---|
| **Occurrence Location:** NORTH WEST CORNER 31 AVENUE & 49 STREET | | | Complaint #: 2007-114-08002 |
| Name Of Premise: | | | Precinct: 114 |
| Premises Type: STREET | | | Sector: C |
| Location Within Premise: CAR | | | Beat: |
| Visible By Patrol?: YES | | | Post: |

**Occurrence From:** 2007-07-27 20:12 FRIDAY
**Occurrence thru:** 2007-07-27 20:15
**Reported:** 2007-07-27 23:30
**Complaint Received:** PICK-UP

Aided #: 000009999
Accident #:
O.C.C.B. #:

**Classification:** ASSAULT
**Attempted/Completed:** COMPLETED
**Most Serious Offense is:** FELONY
**PD Code:** 106 ASSAULT 2,1,PEACE OFFICER
**PL Section:** 12008
**Keycode:** 106 ASSAULT-FELONIOUS.

**Case Status:** CLOSED
**Unit Referred To:**
**Clearance Code:** DETECTIVE ARREST
**Log/Case #:** 0
**File #:** 6
**Prints Requested?** NO

Was The Victim's Personal Information Taken Or Possessed? NO
Was The Victim's Personal Information Used To Commit A Crime? NO

Gang Related? NO
Gang Intel Log #:
Name Of Gang:
DIR Required? NO
Child Abuse Suspected? NO

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?:
Company Name/Phone:
Crime Prevention Survey Requested?:
Canvass Conducted: NO

**If Arson:**
Structure:
Occupied?:
Damage by:

Supervisor On Scene - Rank / Name / Command:
SGT HOLSEY NBQ

Interpreter(If used):

**NARRATIVE:**
AT TPO OBSERVED THE DEFENDANT OPERATING A 1996 JEEP CHEROKEE PENN PLATE GHV-3069 WITH THE DRIVER DOOR LOCK REMOVED AND THE AIR BAG MISSING UPON APPROACH OF THE DEFENDANT HE DID DRIVE HIS AUTO TOWARD ARRESTING OFFICER AND PARTNER IN AN ATTEMPT TO STRIKE THEM. DEFENDANT DID RUN OVER ARRESTING OFFICERS LEFT FOOT CAUSING PAIN AND SEVERE SWELLING. DEFENDANT DID ENGAGE THE OFFICERS IN A PURSUIT DRIVING ON THE SIDEWALK MISSING NUMEROUS PEDESTRIANS WALKING AND CHILDREN PLAYING. DEFENDANT DID CAUSE PROPERTY DAMAGE IN EXCESS OF 3,000 THOUSAND DOLLARS. DEFENDANT DID RESIST ARREST BY FLAILING HIS ARMS AND REFUSING TO BE CUFFED. NECESSARY FORCE WAS USED TO EFFECT THE ARREST.

← Supporting Statement of first version

o NYC TRANSIT Data for Complaint # 2007-114-08002

| Total Victims: 1 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 0 |
|---|---|---|---|

CTIM: # 1 of 1
Nick/AKA/Maiden:
Name:
Complaints: 2007-114-08002
Gang Affiliation:

://omniform1.8888/cgi-bin/ibi_cgi/ibiweb.exe?IBIF_ex=PRNTCOMP&IIG61_YEAR=2007&IIG61 7/28/2007

Det. Cervini - People - Cross

28

1   A   Offhand, yeah.

2   Q   What were they?

3   A   Lacerations to the left head and I believe a wrist
4   injury or a hand injury.

5   Q   Okay.  Do you -- were you at the hospital with
6   him?

7   A   No, I was not.

8   Q   Okay.  Were you treated -- with your specific
9   injury were you treated at the scene by EMS?

10  A   No, I was not.

11  Q   No.  Okay.  Do you know how the defendant ended up
12  in the hospital?  Was it by ambulance or was it by police
13  car?

14  A   You were taken to -- by ambulance immediately from
15  the scene for your injuries.

16  Q   Okay.  Do you know who escorted me?

17      MS. CARLINO:  Objection, Judge.  Beyond the scope.

18      THE COURT:  Overruled.  Do you know who?

19      THE WITNESS:  I don't know who took him that day.

20      THE COURT:  It wasn't you?

21      THE DEFENDANT:  Right.  No, it was not.

22  Q   Now, the following day after the arrest of this
23  case I'm sure you came to the district attorney's office,
24  you filled out a felony complaint?

25      THE COURT:  Did you?

Det. Cervini - People - Cross

1    THE WITNESS: Yes. That's correct.
2  Q  Okay. In the felony complaint --
3    THE WITNESS: Your Honor, I'm just gonna look at
4  my felony complaint also.
5    THE COURT: Do you have a question now?
6    THE DEFENDANT: Oh, I was giving him some time to
7  refresh.
8    THE COURT: Did you find it?
9    THE WITNESS: Yeah. I have the complaint in front
10 of me.
11 Q  Felony complaint states that you exited your
12 vehicle and approached my vehicle.
13   MS. CARLINO: Objection. It's improper at this
14 point. The document is not in evidence.
15   THE COURT: Oh, I don't know that. I don't know
16 that there's not an inconsistent statement in there
17 some way. I'm gonna let him ask the question. What
18 are you asking him?
19 Q  In the felony complaint it states that he exited
20 his vehicle?
21   THE COURT: And what's your question?
22 Q  I wanted to ask him how many feet he was to my
23 vehicle when I supposedly went in reverse?
24   MS. CARLINO: Can we clarify, Judge, at what
25 point.

                                                                      30
                    Det. Cervini - People - Cross

1        THE DEFENDANT: When he initially stopped me. The
2   initial seizure.
3        THE COURT: Why don't you do that. You could
4   really only refer to what you said early.
5        THE DEFENDANT: I can't --
6        THE COURT: Let me finish. You could ask him if
7   he said things in the past different than what he said
8   now. But what you want to do apparently -- you don't
9   even have to do that. You have a question about
10  distance, ask him. You can ask him. I'm letting you
11  do it.
12       THE DEFENDANT: That's what I just said.
13       THE COURT: What I'm explaining to you is what he
14  said in the past --
15       THE DEFENDANT: Don't go off the paperwork, go off
16  what he said.
17       THE COURT: You could only use the paperwork and
18  about something that he said then different than he's
19  saying. Different now. But I'm not stopping you about
20  asking him about the distance. Where you were and he
21  was at a given point. Just ask the question.
22       Q    All right. Back to the -- to the past when you
23  say that you blocked his truck with your van, okay. Did you
24  exit your vehicle at that time?
25       A    The first initial stop, no, I did not.



Proceedings

1   I'm gonna decide that.

2   THE DEFENDANT: No, that's ones that are being
3   turned in now.

4   THE COURT: I'll add it to what you already gave
5   me.

6   THE DEFENDANT: All right. And I would like to
7   sum up on the case itself.

8   THE COURT: Go ahead.

9   THE DEFENDANT: Officer Cervini stated in his
10  arrest report he claims that he got out and approached
11  the vehicle of the defendant 'cause he seen him
12  double-parked, okay. Here tonight he says he never got
13  out of the vehicle at all.

14  MS. CARLINO: Objection. The report is not in
15  evidence.

16  THE COURT: I heard the evidence. You're gonna be
17  able to argue to -- objections are just gonna take
18  longer.

19  THE DEFENDANT: Well, I mean, how could you say
20  that the felony complaint is not piece of evidence when
21  it's signed as being noted to perjury? It's got the
22  statement at the bottom.

23  THE COURT: Make your argument. I told her that I
24  want to hear your argument.

25  THE DEFENDANT: He stated he got out and walked

*[handwritten margin note: "specifically brought to Court's attention"]*

drb